JOHNSON, J.
Appellant mother appeals from an order of the juvenile court terminating her parental rights in her two-year-old son pursuant to ORS 419.523 et seq. The child was bom on January 6,1975. With the exception of two periods in 1975 totalling three and a half months during which appellant had custody of her child, the boy has been in foster care since birth. On September 5, 1975, the mother signed a consent form releasing her son for adoption. She revoked the consent three days later, and wardship was continued with visitation provided for the mother until the termination petition was filed in April of 1977.
Appellant initially assigns as error the juvenile court’s action in permitting amendment of the termination petition at the time of the hearing on the ground that such amendment denied her due process. ORS 419.500(1) provides in part:
“The court, on motion of an interested party or on its own motion, may at any time direct that the petition be amended. If the amendment results in a substantial departure from the facts originally alleged, the court shall grant such continuance as the interest of justice may require.”
The original petition was amended to add mental “deficiency” to mental or emotional illness as grounds for termination. Appellant contends that this addition "substantially changed the theory and thrust of the state’s case * * * without giving her adequate notice,” and thus denied her the opportunity to prepare an appropriate response to the petition. However, the record indicates that appellant did not request a continuance following amendment of the petition, nor did she present any evidence refuting the testimony offered by the state regarding her mental condition. Her defense consisted entirely of her testimony and that of her boyfriend that she would be able to care for her son if he were returned to her custody. Under the circumstances, we fail to see how the court’s action in amending the petition and failing to order a con *[348] tinuance on its own motion in any way prejudiced appellant.
Appellant also contends that the evidence presented at the hearing does not support the court’s order of termination. We disagree. There was undisputed evidence that while appellant wants to raise her son, her intellectual deficiency and personality disorder are of such duration as to render reintegration of the child into her home impossible in the foreseeable future. The child’s interests would best be served by terminating the mother’s parental rights, thereby releasing him for adoption.
Affirmed.